1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    MARLOW R. STALLING,                  Case No. 2:20-cv-01180-JAM-JDP (PC)

10                  Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                           THAT DEFENDANT'S MOTION TO
11          v.                             DISMISS BE DENIED

12   A. STINSON,                           OBJECTIONS DUE WITHIN FOURTEEN
                                           DAYS
13                  Defendant.
                                           ECF No. 16
14

15

16          Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought

17   under 42 U.S.C. § 1983.  He claims that defendant A. Stinson violated his Eighth Amendment

18   rights by using pepper-spray against him unprovoked.  Defendant has filed a motion to dismiss,

19   arguing that this excessive force claim is barred by the favorable termination rule of *Heck v.*

20   *Humphrey*, 512 U.S. 477 (1977), and separately that plaintiff's claim is based on a version of

21   events fundamentally inconsistent with the findings of a prison disciplinary hearing.[1]

22   Defendant's motion should be denied.

23                              **Factual Background**

24          Plaintiff alleges that on October 23, 2019, while he was attempting to get the attention of

25   an individual who had just delivered documents relating to his parole, defendant came to his cell

26   and pepper-sprayed him through the food port, hitting him in the face and back.  ECF No. 1 at 3;

27   _____

28          [1] Plaintiff has filed an opposition, ECF No. 19, and defendant has filed a reply, ECF
     No. 20.

                                           1

ECF No. 16 at 3.  Defendant then allegedly reopened the food port and sprayed him again, with another can of pepper spray.  *Id.*

**Motion to Dismiss Standard**

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, and the court will grant the motion if defendant shows that there is no cognizable legal theory of liability or that plaintiff has alleged insufficient facts to support a cognizable theory.  *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).  A court's review is generally limited to the operative pleading.  *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  A pleading is sufficient under Rule 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se a complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**Analysis**

**A.  Request for Judicial Notice**

Defendant asks that I take judicial notice of Exhibits A-D attached to his motion.  Exhibit A is the incident report describing defendant's deployment of pepper spray against plaintiff.  ECF No. 16-2 at 6-28.  Exhibit B is an abstract of judgment reflecting plaintiff's current prison sentence.  *Id.* at 31.  Exhibit C is the Rules Violation Report ("RVR") plaintiff was assessed following defendant's use of pepper-spray against him.  *Id.* at 34-38.  Exhibit D is a summary of the disciplinary proceedings against plaintiff for the RVR contained in Exhibit C.  *Id.* at 41-53.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . without converting the motion to dismiss into a motion for summary judgment."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation and

2

1  internal quotation marks omitted).  There are two exceptions: (1) a court may take judicial notice

2  of material that is either submitted as part of or necessarily relied upon by the complaint; or (2) a

3  court may take judicial notice of matters of public record.  *Id.* at 688-89; *Coto Settlement v.*

4  *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

5       I will grant defendant's request for judicial notice in part.  As an initial matter, plaintiff

6  has not opposed it.  One of the documents, the abstract of judgment at Exhibit B, is appropriate

7  for notice because it is a court record.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.

8  1980).  The other three documents are derived from prison administrative disciplinary

9  proceedings.  Courts have held that such documents are appropriate for notice as to their

10  existence, *see, e.g.*, *Venson v. Jackson,* No. 18-CV-2278-BAS (BLM), 2019 U.S. Dist. LEXIS

11  117529, at *11 (S.D. Cal. July 15, 2019), but not as to the factual accounts or findings contained

12  therein.  *See Lee*, 250 F.3d at 690 ("On a Rule 12(b)(6) motion to dismiss, when a court takes

13  judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited

14  therein, but for the existence of the opinion, which is not subject to reasonable dispute over its

15  authenticity.'") (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group*

16  *Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).  I take notice of the existence of these documents and

17  of their administrative outcome.  I do not take notice of their factual accounts or findings that

18  contradict plaintiff's allegations.

19       **B.  Motion to Dismiss**

20       On November 27, 2019, plaintiff was found guilty of an RVR written by defendant.  ECF

21  No. 1 at 42, 48.  Plaintiff lost 60 days of credit.  *Id.* at 49.  Because of this, defendant argues that

22  the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's

23  Eighth Amendment claim because "[p]laintiff has not vacated his conviction or received a

24  reinstatement of the 60 days of credits he lost as a result of the guilty finding."  Separately,

25  defendant maintains that the findings of the disciplinary hearing are fundamentally inconsistent

26  with plaintiff's claim.  ECF No. 16-1 at 8.  Neither argument is convincing.

27       Habeas corpus is the sole remedy for a state prisoner who wishes to challenge his

28  confinement or its duration and seeks immediate or speedier release.  *Heck*, 512 U.S. at 481;

1   *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78

2   (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration

3   of his confinement.'" (citation omitted)).  The rule in *Heck* has been applied in the prison

4   disciplinary context when the "defect complained of by [plaintiff] would, if established,

5   *necessarily* imply the invalidity of the deprivation of his good-time credits[,]" *Edwards v.*

6   *Balisok*, 520 U.S. 641, 646 (1997) (emphasis added); *Nonnette v. Small*, 316 F.3d 872, 875 (9th

7   Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time

8   to be served[.]"  *Muhammed v. Close*, 540 U.S. 749, 754 (2004) (per curiam); *see also Nettles v.*

9   *Grounds*, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("*Heck* applies only to administrative

10  determinations that 'necessarily' have an effect on 'the duration of time to be served.'" (citations

11  omitted)), cert. denied, 137 S. Ct. 645 (2017).

12          The Ninth Circuit has declined to apply the *Heck* bar where success in a § 1983 action

13  would not necessarily affect the duration of the plaintiff's sentence.  In *Nettles v. Grounds*, an

14  indeterminately-sentenced life prisoner sought restoration of 30 days of lost good-time credits and

15  expungement of the associated rule violation report.  830 F.3d 922, 927 (9th Cir. 2016).  The

16  Ninth Circuit held that the claim did not fall solely within the scope of habeas corpus because

17  success on the merits would not *necessarily* lead to an earlier release.  *Id.* at 935.  Importantly, the

18  court stated that it could not tell whether the restoration of time credits would affect the duration

19  of confinement because the prisoner had not yet been found suitable for parole, and if he was

20  eventually paroled, the length of his parole was unknown.  *Id.* at 934-35.  Courts have applied

21  *Nettles* to Section 1983 actions in determining whether plaintiffs' claims are *Heck*-barred.  *See,*

22  *e.g.*, *Delgado v. Gonzalez*, 686 F. App'x 434, 435 (9th Cir. 2017) (reversing a decision that relied

23  on *Balisok* and not *Nettles* in determining that the plaintiff's § 1983 claim was *Heck*-barred

24  despite not knowing whether the loss of good-time credit would *necessarily* affect the length of

25  sentence).

26          *Nettles* is instructive here.  Defendant has the burden of demonstrating that *Heck* bars

27  Plaintiff's § 1983 claim, *see Sandford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001) ("It was the

28  burden of the defendants to establish their [*Heck*] defense by showing what the basis was; they

4

failed to do so."), and defendant has not met this burden.  Neither the complaint nor defendant's motion alleges, and no judicially noticeable document proves, that the loss of time credits will necessarily affect the duration of plaintiff's confinement.[2]  Plaintiff is indeterminately sentenced, and defendant has not stated or argued that plaintiff is suitable for parole or that the loss of these credits necessarily will lead to a shorter confinement.

Separately, defendant asks me to dismiss plaintiff's excessive force claim on the ground that it is barred by *Heck* because the disciplinary findings are inconsistent with plaintiff's complaint.[3]  ECF No. 16-1 at 6.  As stated above, I decline to take judicial notice of the factual accounts and findings in the disciplinary documents that contradict plaintiff's allegations.  Thus, I reject this argument.

It is RECOMMENDED that defendant's motion to dismiss (ECF No. 16) be DENIED.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[2] Plaintiff allegedly was receiving help for a "B.P.H.," ECF No. 1 at 3, and defendant states that this was related to plaintiff's parole, ECF No. 16-1 at 2.  However, no other judicially noticeable facts regarding the status of plaintiff's parole are provided, and I cannot consider arguments that have not been made.

[3] Plaintiff alleges that defendant, without warning, sprayed him with two cans of pepper spray.  ECF No. 1 at 3-5.  The documents that defendant contends the court should look to instead indicate that defendant discharged a single continuous burst of pepper spray after giving plaintiff multiple warnings to stop striking his head on the cell door window.  ECF No. 16-2, Ex. D at 8.

1

2     IT IS SO ORDERED.

3

Dated:    August 16, 2021
4                                                    JEREMY D. PETERSON
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28